UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                               Case No. 18-20704

vs.

                               HON. GEORGE CARAM STEEH

DANNY LEE WOODS

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR RESENTENCING [ECF No. 24]

Defendant Danny Lee Woods moves the Court to resentence him in light of the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). For the reasons set forth below, Defendant's motion for resentencing is DENIED.

A grand jury indicted Defendant with one count of being a felon in possession of a firearm, two counts of possession with intent to distribute controlled substances, and one count of possession of a firearm in furtherance of a drug trafficking crime. On February 27, 2019, pursuant to a Rule 11 Plea Agreement, Defendant pled guilty to the two counts of possession with intent to distribute controlled substances and the one count of possession of a firearm in furtherance of a drug trafficking crime.

In the Plea Agreement, the parties agreed that Defendant qualified as a career offender under the sentencing guidelines and calculated a guideline range of 262 to 327 months' imprisonment.  Subsequently the Sixth Circuit decided *Havis*, which the parties addressed in their sentencing memoranda filed with the Court.

On July 23, 2019, the Court sentenced Defendant to 180 months' imprisonment on the two counts of possession with intent to distribute controlled substances, with both counts running concurrent to each other, and 60 months consecutive on the count of possession of a firearm in furtherance of a drug trafficking crime, for a total term of 240 months' imprisonment.

In determining whether a prior conviction is a controlled-substance offense for purposes of determining career offender status under USSG § 4B1.2(b), courts apply the categorial approach.  *Havis*, 927 F.3d at 384.  In *Havis*, the Sixth Circuit held that prior convictions for *attempting* to violate state drug laws do not qualify as "controlled substance offenses" for purposes of determining career offender status under USSG § 4B1.2(b). "The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text

of 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses." *Id.* at 387.

In his motion, Defendant argues that his two prior Michigan controlled substance convictions do not qualify as "controlled substance offenses" under USSG § 4B1.2(b) based on the holding in *Havis*. On this basis, Defendant moves for a modification or reduction of his sentence pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, arguing that it was plain error to sentence him as a Career Offender.

Once a sentence is imposed, "a district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). A sentence may only be modified pursuant to the provisions of 18 U.S.C. § 3582(c); may be corrected pursuant to the provisions of Federal Rule of Criminal Procedure 35 and § 3724; or may be appealed and modified if outside the guideline range. 18 U.S.C. § 3582(b).

Section 3582 does not authorize a district court to modify a sentence of imprisonment pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. Rule 35 is also inapplicable because more than 14 days have elapsed since the Court sentenced Defendant and this is not a case were Defendant has provided substantial assistance. *See* Fed. R. Crim. P. 35

(a) – (b).  Similarly, this matter is not before the Court after remand from a higher court.

This Court also lacks authority to modify the sentence under 18 U.S.C. § 3582(c)(2).  A district court has authority to modify a sentence of imprisonment under section 3582(c)(2) if the sentencing range on which a term was based is subsequently lowered by the Sentencing Commission.  However, the Sentencing Commission did not amend the sentencing range.  Rather, the Sixth Circuit held that the Commission improperly added attempt crimes to the definition of "controlled substance offense" through the use of commentary.  *Havis*, 927 F.3d at 387.

Here, none of the provisions of 18 U.S.C. § 3582(c) applies to Woods' motion, leaving the Court without authority to modify the sentence.  *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001).

Finally, the Court notes that at sentencing it addressed *Havis* and stated that it would impose the same sentence "whether or not *Havis* would cause a different guideline modification."  (Doc. 26: Sentencing Tr., PageID 124: 9 -11).  Therefore, any error in calculating Defendant's Guideline range is harmless where the "district court made clear that 'it would have given [the defendant] the same sentence' even if it had started" from the properly-calculated range.  *United States v. Collins*, 800 Fed.Appx. 361,

- 4 -

362 (6th Cir. 2020) (alteration in original) (quoting *United States v. Bishop*, 797 F. App'x 208, 212 (6th Cir. 2019)).

Accordingly, Defendant's motion for resentencing is DENIED.

Dated: May 11, 2020

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 11, 2020, by electronic and/or ordinary mail and also on Danny Woods #56943-039, FCI Gilmer, P. O. Box 6000, Glenville, WV 26351-6000.

s/Brianna Sauve
Deputy Clerk