UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No.  18-20704

vs.

                              HON.  GEORGE CARAM STEEH

DANNY LEE WOODS,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO
VACATE SENTENCE PURSUANT TO 28 U.S.C. 2255  [ECF No. 33]

      This matter comes before the Court on defendant Danny Lee Woods' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 33).  The basis of the motion is that Woods' attorney provided ineffective assistance by failing to pursue the objection to his career offender designation at sentencing.   For the reasons set forth below, defendant's motion is DENIED.

PROCEDURAL BACKGROUND

      On February 27, 2019, pursuant to a Rule 11 Plea Agreement, defendant pled guilty to two counts of possession with intent to distribute controlled substances and one count of possession of a firearm in furtherance of a drug trafficking crime (ECF No. 18).  In the Plea

- 1 -

Agreement, the parties agreed that defendant qualified as a career offender under the sentencing guidelines and calculated a guideline range of 262 to 327 months' imprisonment.  Subsequently, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), holding that prior convictions for *attempting* to violate state drug laws do not qualify as "controlled substance offenses" for purposes of determining career offender status under USSG § 4B1.2(b).  Both parties addressed the implications of *Havis* in their sentencing memoranda filed with the Court (ECF Nos. 21, 22).  On July 23, 2019, this Court concluded that Woods qualified as a career offender and sentenced him to a total of 240 months' imprisonment (ECF No. 23).

In March 2020, Woods filed a motion for resentencing under Rule 52(b) of the Federal Rules of Criminal Procedure, claiming that it was plain error to sentence him as a career offender after *Havis* (ECF No. 27). The Court denied Woods' motion for resentencing, concluding that it was without authority to modify his sentence (ECF No. 28). The Court also noted that it had addressed *Havis* at sentencing and had explained that it would have imposed "the same sentence 'whether or not *Havis* would cause a different guideline modification.'" (ECF No. 28, PageID.136 (quoting ECF No. 26, PageID.124)).

ARGUMENT

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a claim that "the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). To obtain relief, the petitioner must show there was "an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citation and internal quotation marks omitted).

To present an ineffective assistance of counsel claim under 28 U.S.C. § 2255, defendant must show that (1) his attorney's performance was objectively unreasonable and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether defense counsel's performance was objectively unreasonable, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. In addition, the petitioner must show prejudice, which requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Where the claim is based on ineffective assistance at sentencing, prejudice requires

the petitioner to establish that "his sentence was increased by the deficient performance of his attorney."  *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007).

I.Counsel's Performance Not Deficient

Defendant asserts that his counsel was ineffective for not objecting to his designation as a career offender at sentencing in light of the *Havis* decision.  Defendant acknowledges that his counsel raised the *Havis* argument in the sentencing memorandum, but then argues that counsel "chose to abandon the issue" at sentencing (ECF No. 33, PageID.157).

A defendant is a career offender under USSG § 4B1.1 when he "has more than one prior conviction for either crimes of violence or controlled substances offenses."  *United States v. Garth*, 965 F.3d 493, 495 (6th Cir. 2020).  Defendant Woods admits that he has "two (2) prior convictions under Michigan law for delivery/manufacturing a controlled substance under MCL [§] 333.7401" (ECF No. 33, PageID.161).  Nevertheless, defendant claims that those prior convictions do not qualify as "controlled substance offenses" for the career offender enhancement because he says that the definition of "delivery" under Michigan law includes "'attempt' crimes" and the Sixth Circuit in *Havis* concluded that attempt crimes do not

qualify as "controlled substance offenses" for the career offender designation (ECF No. 33, PageID.159, 161).

The Sixth Circuit recently addressed the definition of "delivery" under Michigan law and how it impacts the career offender enhancement post-*Havis*. *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020). At issue in *Thomas* was whether the defendant's prior convictions for delivery of heroin and possession with intent to distribute marijuana under Michigan law were "controlled substance offenses" for the career offender enhancement. *Id*. at 584. The Sixth Circuit explained that "[t]here is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery," and that the defendant's prior convictions under Michigan law were "therefore controlled substance offenses" and predicates for the career offender enhancement. *Id*. at 585. The Court further clarified that although the definition of "delivery" under Michigan law includes "attempted transfer," it does not include "attempted delivery," and "an attempted transfer qualifies as a completed delivery. *Id*.

Pursuant to binding Sixth Circuit precedent, defendant's prior state convictions for delivering and manufacturing controlled substances qualify as controlled substance offenses under USSG § 4B1.2, even after *Havis*. Because defendant has two prior delivering and manufacturing controlled

substance convictions, he was correctly classified as a career offender. Therefore, defense counsel's performance was not deficient for failing to further pursue an objection to the career offender designation at sentencing. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial").

II.     No Prejudice From Career Offender Designation

For the reasons explained above, defendant was properly sentenced as a career offender and no objection by his counsel would have altered that analysis. Additionally, the Court explained that it would have imposed the same sentence "whether or not *Havis* would cause a different guideline modification" (ECF No. 26, PageID.124). Therefore, defendant cannot show he suffered any prejudice from the alleged ineffective assistance of counsel.

## CONCLUSION

Now therefore,

IT IS HEREBY ORDERED that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED.

The court declines to issue a certificate of appealability, because defendant has not "made a substantial showing of the denial of a

- 7 -

constitutional right," for the reasons stated above.  See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated:  December 2, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 2, 2020, by electronic and/or ordinary mail and also on Danny Woods #56943-039, FCI Gilmer, P.O. Box 6000, Glenville, WV  26351-6000.

s/Brianna Sauve
Deputy Clerk