UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                 Case No. 18-20704

DANNY LEE WOODS          HON. GEORGE CARAM STEEH

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION
TO SUPPLEMENT MOTION TO VACATE
SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 42)

This matter comes before the Court on defendant Danny Lee Woods's motion to supplement his original motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 42). For the reasons set forth below, defendant's motion is DENIED.

PROCEDURAL BACKGROUND

On February 27, 2019, pursuant to a Rule 11 Plea Agreement, Woods pled guilty to two counts of possession with intent to distribute controlled substances and one count of possession of a firearm in furtherance of a drug trafficking crime (ECF No. 18). In the Plea Agreement, the parties agreed that defendant qualified as a career

offender under the sentencing guidelines and calculated a guideline range of 262 to 327 months' imprisonment. Subsequently, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), holding that prior convictions for *attempting* to violate state drug laws do not qualify as "controlled substance offenses" for purposes of determining career offender status under USSG § 4B1.2(b). Both parties addressed the implications of *Havis* in their sentencing memoranda filed with the Court (ECF Nos. 21, 22). At sentencing, the Court found that Woods did qualify as a career offender and sentenced him below the agreed-upon guideline range, to a total of 240 months' imprisonment (ECF No. 23).

Judgment was entered on July 25, 2019 and Woods's conviction became final on August 8, 2019. *See* Fed. App. R. 4(b)(1)(A). Woods did not challenge his sentence on direct appeal. On July 22, 2020, Woods filed a timely motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 33).

In his § 2255 motion, Woods claimed that his defense counsel provided ineffective assistance by failing to object to the career offender designation at sentencing based on the *Havis* decision. On December 2, 2020, the Court entered an order denying Woods's § 2255 motion (ECF No. 38). Woods' mailed a request for an extension of time to file his reply

on November 6, 2020 (ECF No. 39), but it was not received by the Court until after the order was entered.  The Court granted Woods's request for an extension and stated it would consider whether any arguments made in the reply require the previous order to be modified (ECF No. 40).  Woods filed his reply on January 6, 2021 (ECF No. 41).  Woods also filed the pending motion to amend his § 2255 motion, seeking to add two additional claims.  The first is a claim of ineffective assistance based on defense counsel's purported failure to file a direct appeal after Woods "instructed him to do so."  The second claim is that the Court "misadvised" him at sentencing about his right to file an appeal.

## LEGAL STANDARD AND ARGUMENT

Generally, amendments to a § 2255 motion must be made within the one-year statute of limitations period, which begins to run when the judgment becomes final.  28 U.S.C. § 2255(f)(1).  Woods's conviction became final on August 8, 2019, so the one-year limitations period expired on August 8, 2020.  Woods's motion to supplement was filed January 6, 2021, more than one year after his conviction became final.

An exception to the statute of limitations provides that an amendment will relate back to the original § 2255 motion when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out"

in the original § 2255 motion.  Fed. R. Civ. P. 15(c)(1)(B).  To meet this requirement, the supplemental claims must share the same "common core of operative facts" as the claim in the original § 2255 motion.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  However, when an untimely supplemental claim "asserts a new ground for relief supported by facts that differ in both time and type from those" in the original § 2255 motion, the untimely supplemental claim "does not relate back," and is therefore barred by the one-year time limit.  *Id.* at 656.

I.      Ineffective Assistance of Counsel

"If an untimely ineffective assistance of counsel claim is based on a distinct type of attorney malfeasance from a timely ineffective assistance of counsel claim," then the untimely ineffective assistance claim "does not relate back to the original claim."  *United States v. Allen*, No. 14-20191, 2020 WL 2467122, at *4 (E.D. Mich. May 13, 2020) (citing *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017)).  Woods seeks to add a claim for ineffective assistance of counsel based on his defense counsel's purported failure to file a direct appeal after Woods instructed him to do so.  The type of malfeasance and the core of operative facts that would support this claim are different in both time and type from those related to the original ineffective assistance claim, concerning counsel's purported failure

to object to the career offender designation at sentencing. The ineffective assistance of counsel claim that Woods seeks to add does not relate back to the ineffective assistance of counsel claim in his original § 2255 motion, and for that reason the new claim is time-barred.

II.     Court's Advice Regarding Appellate Rights

Woods's second claim is that the Court "misadvised" him about his appellate rights at sentencing. Again, this claim involves facts that differ in time and type from the claim in Woods's original § 2255 motion that his counsel failed to object to the career offender designation at sentencing. Thus, Woods's second proposed claim also does not relate back to his original § 2255 motion and is time-barred.

III.    Consideration of Reply

The Court has considered the arguments made by Woods in his reply to the government's response to his original § 2255 motion. Woods makes the same arguments, including that his counsel was ineffective because he failed to argue that *Havis* is controlling precedent and that *United States v. Thomas*, 969 F.3d 583 (6th Cir. 2020) conflicts with *Havis* and was therefore incorrectly decided. The Court addressed this argument, as well as the others made by Woods, in its order denying his motion. The reply does not present any new arguments that result in a

different decision.

## CONCLUSION

Now therefore,

IT IS HEREBY ORDERED that defendant's motion to supplement his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 42) is DENIED.

IT IS HEREBY FURTHER ORDERED that defendant's supplemental motion to vacate (ECF No. 43) is STRICKEN.

Dated: March 19, 2021

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2021, by electronic and/or ordinary mail and also on Danny Woods #56943-039, FCI Gilmer, P.O. Box 6000, Glenville, WV  26351-6000.

s/Brianna Sauve
Deputy Clerk